Good morning. Before we begin, let me just note for the record that Appeal No. 21-17-15 United States v. Christopher Radford has been submitted on the briefs. And let me mention to the two of you that although Judge Brennan is not physically present, he has read the brief. He will be listening to the argument. He will be in conference with us. So you have three judges, even though your eyes tell you you only have two. Right. Okay. All right. So we are case number four today is 21-24-22. And it's Corey Crouch v. Richard Brown. And Mr. Christy. Hello, Mr. Christy. Hello, Your Honor. You may begin any time you're comfortable. Good morning, and may it please the court. My name is Kyle Christy, and I represent Corey Crouch in this matter. We are asking the court to reverse the district court's summary judgment entry on behalf of the appellees. Just a little bit of a background. I know you read the brief that was submitted. Corey Crouch was held in solitary confinement for approximately three and a half years. The latter two and a half years was in administrative and department-wide restrictive status housing. He alleged in his complaint, his primary allegation was that the reviews that he received did not pass constitutional muster under the 14th Amendment's due process clause, because they were neither periodic nor meaningful, as is required by the 14th Amendment under the ISBI case. Ultimately, the appellees did file for summary judgment, which was granted on the basis that Mr. Crouch failed to exhaust his administrative remedies, excuse me, under the Prison Litigation Reform Act. And just a little bit of background about that. While Mr. Crouch was administrative restrictive status housing and department-wide restrictive status housing, he received four reports of classification hearings. Those are decisions that were made by Wabash Valley Correctional Facility staff to keep him either in department-wide or administrative restrictive status housing. Over that same period, he had close to 30 monthly, every 30-day reviews that were administered by the caseworkers that he has. The primary claim— Did he appeal any of those? Did he appeal the reports, the initial decisions to classify him? Your Honor, sorry to interrupt, Your Honor. He did not appeal any of the report of classification hearings or the 30-day reviews. The issue that we have is that the 30-day reviews were not appealable. What about after February of 2019? Did he ever appeal after it was put on the review itself? Did he ever appeal? Your Honor, he attempted to do an appeal prior to that. I will acknowledge that he did not do an appeal at any point after February of 2019 when the IDOC did change the language on those 30-day either from the prison or the Indiana Department of Corrections that corresponded with the language that was added to the 30-day reviews. Is there any evidence that anyone has ever been denied the ability to challenge a 30-day review? Not that I am aware of, Your Honor, but our position is that the IDOC policy is what controls. They are the ones that are—the facility are the ones that are able to make the policies. That is what should control the entire appeal process. The defendants have argued that he made use of the classification appeals process prior to the events at issue here. Is that true? Because if so, doesn't that really demonstrate that the Your Honor, that is an accurate statement. If you're referring to prior to his time in administrative restrictive status housing, so prior to February of 2016, there were appeals prior to that. The issue here is focused more narrowly on the 30-day reviews that do not, you know, under the ISBI case, do not pass constitutional muster, and there is no way— You know, it appears that the 30-day reviews were required by state law. Unless there was a corresponding federal right to a review of segregation status every 30 days, how can there be a federal due process claim here? In other words, how can a state law violation here give rise to a federal due process claim here? Well, Your Honor, I believe that the due process violation here is that the due process—under the ISBI case, the due process clause requires periodic and meaningful, you know, reviews. Now, the definition of periodic is left up to the discretion of the facility, but when the facility is holding itself out there as doing these periodic reviews every 30 days when they're neither meaningful or periodic, really, in anything but name only, then they shouldn't be able to avail themselves to the protections of the due process clause. Another point that I do want to address was the language change that the 30-day reviews ended up incorporating. That was February 2019. I believe there was only two more monthly reviews that were done at all after that, so he was released a very short time after that period. And as I mentioned before, I acknowledge that he did not appeal those, but at the end of the day, I don't believe they were appealable decisions under the IDOC policy. A case I do want to mention is CABA v. Staff. I think that's relevant here, just because one of the holdings was that there are certain situations where there are clearly administrative remedies. There are certain situations where there's clearly no administrative remedies available, and then there are situations where it's in the middle. I think this situation is certainly one in the middle. It creates a question of fact just based on the fact that you've got your actual form, your 30-day review saying one thing, and then you've got your actual policy that says, well, you can challenge classification or appeal, excuse me, classification decisions. What he would have appealed was absolutely not a classification decision. It was a recommendation by the caseworker. And for those reasons, I think summary judgment was inappropriate, and there is a question of fact in regards to whether he was able to appeal and whether the caseworker was able to appeal. So, I think that's relevant here, just because one of the holdings was that there are certain situations where there are clearly administrative remedies. Unless you have further questions, I'll reserve the remainder of my time. Thank you very much. Ms. Recker? Good morning, and may it please the Court. This Court should affirm the District Court's grant of summary judgment because Corey Crouch failed to exhaust his administrative remedies. Crouch brought his complaint in part because he was not receiving meaningful review while in restricted status housing. Crouch had the opportunity to raise this concern through the offender classification appeals process, but he failed to do so. For the 30-day decisions used in making the any of the ROCH documents, so how could a prisoner know whether the 30-day reviews played a part? Your Honor, I'm not sure if the 30-day reviews were used directly for the 90 and the annual reviews. However, it was the caseworker who made the decision, the initial determination, in the report of classification hearing, and it's also the caseworker who makes the 30-day determination. And they look at similar things, whether the prisoner should be kept in restricted status housing based on his conduct, behavior, and whether he's a threat to the facility. And also, the appeal of the report of classification hearings is an administrative remedy that he should have exhausted in this case because his entire argument is that he didn't receive meaningful review while in restricted status housing. And you have to look at not only the 30-day reviews, but you also have to look at the other reviews he received, which was the 90-day and annual reviews. So he could have raised in his appeal of a report of classification hearing that he wasn't receiving the meaningful review. Why did the department create an appeal process specifically for the 30-day reviews? Did that happen in response to litigation? Was there some determination that appeals to ROCH decisions were inadequate to challenge the 30-day reviews? I'm not sure of the department's exact reasoning for why they created this, but it did provide the offender with another avenue to raise his issues to the DOC, to the Department of Correction. Could he have appealed the 30-day reviews before February of 2019? I'm not sure whether he could have, but I don't think he would have been expected to because it wasn't in policy, and there was nothing on the form stating that you could appeal them. So whether or not an offender could actually appeal it, that I'm not sure. But it wasn't the policy then prior to February 2019. There are also 90-day reviews. Are those automatic, or does petitioner have to ask for one? I believe the 90-day, I think the petitioner has to ask for. And do you know, did he ever ask for one here? Yes, I think he did have 90-day. He did have a few 90-day reviews, and those are done similar to the annual where the caseworker makes a recommendation and the supervisor of classification signs off on it. Those are appealable, correct? Yes, those are appealable through the classification policy, and that's exactly how he would have appealed the 30-day reviews. He would have filed an appeal within 10 days of the decision using the exact same form that you do for the classification appeal. And the 30-day reviews explicitly stated this information. Also, I'd like to add that the offender doesn't claim that he wasn't aware of the classification policy. And as previously pointed out, he has used a classification appeal in the past. The policy is available to the prisoners in the law library, and they're also told about it at prisoner orientation. In addition, the prisoners can raise any discretionary reason for the appeal. So in his appeal of a report of classification hearing, he could have raised that he wasn't receiving meaningful review while he was placed in restrictive status housing during the time frame between his last report of classification hearing, which would have included the 30-day reviews. He could have asserted that the prison staff weren't actually considering his present circumstances or behavior, but he didn't do so. He had 23 reports of classification hearing during his time in department-wide restrictive status housing, none of which he appealed. In addition, in February of 2019 is when the 30-day reviews became scalable. And he was in restrictive status housing until December 2019. So he had nearly a year to appeal those decisions. And again, he didn't do so. Is there a federal right to review of classification every 30 days? Do the defendants contend that the Roche decisions are adequate to serve any federal interest in avoiding unnecessary segregation? There is not a federal right to 30-day reviews. That is statutory. There's a statute that provides that offenders in disciplinary restrictive housing should be reviewed every 30 days. So the annual reviews, as long as they were meaningful, they could have provided him with meaningful review under the due process clause. If the court has no further questions, the state asks that this court affirm the district court's judgment because Corey Crouch failed to exhaust his administrative remedies. He didn't avail himself to the 30-day appeals or the appeals of the report of classification hearings. Thank you. Thank you. Mr. Christie. Thank you. A couple of things opposing counsel said that I'd like to address. One is just in terms of the frequency, she cited that there were 23 report of classification hearings. That is technically true that over this time period, there's 23 ROCH documents. But if you look at the short appendix, page seven and eight, that's the order granting summary judgment for the defendants. You'll see that the majority of those are done right after a change in status for an inmate. So in order to make sure that an inmate is adjusting, it has nothing to do with their decision to put them in a certain classification or an administrative or department-wide. So I thought that was important to point out because that puts us at four report of classification hearings as opposed to 23. And then just one other thing real quick. There was some talk there about some changes that were made to the 30-day reviews. I will say, temporarily speaking, it was within six months of the ISB decision that the language changed on the 30-day review saying that they were appealable. And then just to clarify something opposing counsel said, the 90-day reviews, I believe at the beginning of Crouch's solitary confinement, those had to requested by the inmate. Also, shortly after the ISB decision, the facility gained the ability or they changed the policy so they could, at that point, request the 90-day reviews and it wasn't solely relied upon for the inmate. And in conclusion, I just, you know, overall, I really think it sets a bad precedent. If you have a situation where someone like Mr. Crouch is in solitary confinement, administrative restrictive status housing, for three and a half years. Over that time, they have four actual decisions made. But you've got these monthly reviews that are basically an excuse to keep an indefinite extension. And they're passed on to the inmate as if they're actual decisions, when in reality, they're not recommendations, they're not appealable. It doesn't matter what the actual language of those 30-day reviews says, there is, you know, they could go to the law library and there's not going to be anything that says that those are appealable decisions. There's not an actual policy that reflects that. And for those reasons, we'd request that the summary judgment be overturned at the district court level. Thank you, Your Honors. Thank you both very much. Thank you. The case will be taken under advisement.